IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| James E. Turner, Sr., | ) | C/A No. 3:16-3312-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Copart, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This employment case is before the court on the Defendant's motion to compel and for expenses and attorneys' fees pursuant to Rule 37 of the Federal Rules of Civil Procedure. (ECF No. 20.) Defendant's motion sought production of documents and more comprehensive responses to interrogatories.

Along with his response to Defendant's motion, Plaintiff served on Defendant "EVERY document in the [Plaintiff's] attorney's possession." (Pl.'s Resp. in Opp'n, ECF No. 21 at 2.) Plaintiff contends in his response that, accordingly, the request for production of documents is resolved and only two interrogatories remain in dispute: Interrogatories No. 10 and 12.

Having fully reviewed the parties' memoranda, the court grants Defendant's motion to compel. As to Defendant's request for expenses and fees pursuant to Rule 37(a)(5)(A), the court agrees that this subsection requires the court to award reasonable expenses incurred in making the motion, including attorney's fees, when a disclosure or requested discovery is provided after a motion to compel is filed. Fed. R. Civ. P. 37(a)(5)(A). Plaintiff's argument in opposition to Defendant's motion attempting to demonstrate his good faith in discovery misses the mark, as the

Rule's mandate controls—unless certain exceptions apply[1]—regardless of whether the party who is the subject of the motion acted in bad faith. Cf. Fed. R. Civ. P. 37(f) (providing a good faith standard in determining sanctions for failing to participate in good faith in developing and submitting a proposed discovery plan pursuant to Rule 26(f)).

Based on the record presented, the court finds that Plaintiff's delay in producing responsive documents was not substantially justified.[2] The record before the court indicates that Plaintiff had gathered documents responsive to Defendant's requests no later than March 27, 2017, but, rather than producing them then, served written objections to producing the documents beyond the date permitted by the Rules for making such objections. Plaintiff did not produce the documents until he filed his memorandum in opposition to Defendant's motion to compel. As to Plaintiff's argument that Interrogatories No. 10 and 12 require him to obtain further information before he can respond, Plaintiff makes no showing that he has diligently attempted to gather the information he needs to respond to these Interrogatories. (See, e.g., Pl.'s Mem. Opp'n Mot. Compel at 4, ECF No. 21 at 4) (indicating that the information necessary to itemize his damages is in the defendant's possession but not indicating that he has sent any discovery requests to the defendant for that information, and stating that he would answer Interrogatory No. 12's request for information as to wages and

---

[1] Defendant consulted with Plaintiff before filing its motion, so pertinent here, Rule 37(a)(5)(A) would not require an award of expenses and fees if the Plaintiff's nondisclosure, response, or objection was substantially justified, or if other circumstances make an award of expenses unjust. See Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

[2] Plaintiff's counsel indicates in a separate but related filing that health concerns have impacted his ability to litigate this matter. However, because Plaintiff has separate co-counsel who, it appears, could have coordinated discovery responses on behalf of Plaintiff despite his co-counsel's illness, the court finds that this circumstance does not make an award of expenses and fees unjust under the terms of Rule 37(a)(5)(A)(iii).



compensation from other employers "once he acquired the required documentation from his current employer" but not indicating that he has taken any steps to do so).

For the foregoing reasons, Defendant's motion is granted. Plaintiff is directed to respond to Interrogatories 10 and 12 within fourteen days of the date of this order. Defendant shall file an affidavit of expenses and fees incurred in making its motion to compel within fourteen days for the court's consideration.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 7, 2017
Columbia, South Carolina