IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| James E. Turner, Sr., | ) | C/A No. 3:16-3312-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Copart, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the defendant's affidavit of fees (ECF No. 35) submitted in response to the court's July 7, 2017 order granting the Defendant Copart's motion to compel (ECF No. 20). In its order, the court directed the defendant to submit an affidavit detailing the attorney's fees and costs associated with its motion to compel. The plaintiff filed objections to the assigned district judge. (ECF No. 38.) By order issued July 27, 2017, the Honorable Joseph F. Anderson , Jr., Senior United State District Judge overruled the plaintiff's objections and affirmed the award of fees. (ECF No. 46.)

As previously discussed in the court's July 7, 2017 order, pursuant to Rule 37(a), if a motion to compel is granted, or if the requested discovery is provided after the motion is filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Generally, in calculating an appropriate attorney's fee award, the court begins with the lodestar amount, that is, "the number of hours reasonably expended . . . multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S.

PJG

424, 433 (1983). When an attorney has met his or her burden of showing that the requested rate and number of hours are reasonable, the resulting product is presumed to be a reasonable fee. See Blum v. Stenson, 465 U.S. 886, 887 (1984). In determining whether any adjustment to this calculation is necessary, the court may consider twelve factors originally established in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), and adopted by the United States Court of Appeals for the Fourth Circuit in Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir. 1978). These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Barber, 577 F.2d at n.28. It is well established that the allowance of attorney's fees is within a judge's discretion. Id. at 226.

Defendant Copart's attorney has submitted an affidavit in which she requests attorney's fees[1] incurred from preparing and filing the defendant's motion to compel in the amount of $3,235.00, which is calculated based on 11.1 hours of time at a rate of $250 per hour, and 4.6 hours of time at a rate of $100 per hour.[2] (Aff. of Fees, ECF No. 35.) The defendant's attorney itemizes the time

---

[1] The defendant's attorney does not seek any costs associated with filing the motion the compel.

[2] This calculation includes a reduced hourly rate for counsel and for her firm's paralegal.

PJG

expended in preparing the motion, as well as time spent preparing a reply to the plaintiff's response in opposition.  (Id.)

Based on the foregoing factors and the information before the court, the court concludes that the hourly rate is reasonable based the Barber factors, including but not limited to the attorney's experience, reputation, and ability; her opportunity cost in litigating a motion to compel as opposed to the merits of the case; the amount in controversy; the results obtained; the customary fee for similar work; and fee awards in similar cases.  Under the circumstances presented, the court finds the sum of $3,235.00 to be reasonable.  It is therefore

**ORDERED** that Defendant Copart is awarded attorney's fees against the plaintiff in the amount of $3,235.00.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 21, 2018
Columbia, South Carolina